APPLICANT'S OBJECTION TO STATE'S
RESPONSE AND GENERAL DENIAL

On this the 23RD day of December, 2014, Applicant
Reyes Anthony Sanchez, comes before this Court of Lampasas
County Texas, 27TH Judicial District.

Applicant object's to State's response. In ground one prosecutorial
misconduct, Applicant is aware of who has the video and what video
Applicant is referring to. Applicant raises prosecutorial misconduct for
the fact that the State has knowledge of footage of the video of
Applicant breaking up altercation inside bar, from day one, yet
proceeded on these charges of Aggrevated Assault.

No where and no one in this case ever mentions that they saw
Applicant punching, or kicking, in the assault against Ben Maldonado,
except Valaria Garza, who recants her statement at trial.

Prosecutorial Misconduct has taken place when the State fails to
acknowledge evidence that proves one's character. Had the State
acknowledged the video, and presented it to the Grand Jury, Grand Jury
would have seen the actions of the Applicant, and may not have indicted
Applicant. Had State put as much effort into seeing Applicant's actions inside
the bar, as much effort as was making the convict and have sentenced, he
would seen that Applicant was innocent

According to Brady v. Maryland 373, US. 83. 87 (1963) the
Adversary System is still the primary means of discovering the truth. The
Brady rule is meant to ensure that the missarriage of Justice does

not occur, and in this case, State failed. In doing so by allowing an innocent man to be convicted, by not acknowledging the video inside the bar, showing Applicant breaking up the altercation, by getting up from Applicant's seat and coming between Ben Maldonado and co-defendant Joseph Sanchez.

Therefore, State is deemed prejudiced against Applicant and has harmed him, violating Applicant's 14th Amendment rights.

Applicant clearly states on application, Ground two: Ineffective Assistance of Counsel on both Appeal and Trial Counsel. Counsels failed below the objection standard requirement.

Applicant makes himself clear as to what appeal counsel failed to do. Appeal Counsel failed to brief Issue #3 on Applicant's Appeal Brief. "Substantial Majority requirement of 6th Amendment." Because Appeal Counsel didn't brief Issue #3, counsel caused harm to Applicant's Appeal Brief and Appeal.

[Butler v. State 716. SW. 2d. 48 (Tx. Cr. App. 1986)]

Mistakes made by counsel that amounted to professional errors. Had counsel not make the errors, the outcome would have been different. Because counsel failed to brief Applicant's Appeal brief, counsel damaged Applicant's brief and appeal.

Because of counsel's neglagence, counsel violated Applicant's 6th Amendment right to effective representation and 14th Amendment, Due process.

Appeal Counsel failed to file ineffective assistance of counsel on trial counsel. When trial counsel failed to properly investigate Applicant's case along with Applicant's witnesses, who would have testified on behalf of the Applicant. Trial counsel failed to interview Applicant's witnesses and put them on the stand.

When witnesses' testimonies would have clearly stated Applicant did nothing but try and defuse the altercation in the bar and outside the bar when the assault took place.

Counsel has a duty to seek out witnesses who will establish a defense for his client.

Ex Parte Duffy 607. S.W. 2d 507 (TX CR App 1980)

"Both counsels failed to represented Applicant according to Applicant's 6th Amendment right, the requirements that counsel guaranteed. Due to counsels deficiencies, counsel caused harm and was prejudiced to Applicant's trial and appeal, which deprived Applicant of a fair trial and appeal, violating Applicant's 6th and 14th Amendments."

Therefore, Applicant prays the Court grants Applicant an Evidentary Hearing. Applicant has in his possession, statements from Joseph Sanchez, stating Applicant's innocense of these charges.

Applicant also has a statement from one Roland Ochou, who stated Ben Maldonado related events to him, making mention of two individuals who were the assaulters, describing a "short guy" and a "skinny guy".

Applicant prays that the Court will have one Phillip Ramírez, Roland Ochou, and Joseph Sanchez, testify at the Evendtary Hearing, who will clearly state Applicant's role in these charges against Applicant.

Applicant prays that the Court will hear him.

Respectfully,

Reyes Anthony Sanchez
Reyes Anthony Sanchez
#1829461 Price Daniel unit
Snyder TX
79549

NOTICE

Officeler Notary Public Service

I, Reyes Anthony Sanchez #1829461,
Presently incarcerated in Price Daniel unit
in scurry county Texas, declare under
penalty of purjury that this is True and
Correct Excuted on December 23, 2014

Reyes Anthony Sanchez
Reyes Anthony Sanchez
#1829461 Price Daniel unit
938. S. Fm 1673
Snyder TX 79549

Dec 23, 2014

Applicant has in his posession
two Statements

One from Joseph Sanchez
Stating I did nothing but try and break
up the fight inside the bar and ouside.
Also a Statement from Roland Ochoa
Stating what Ben mcdonado says
about who assulted him
Roland Ochoa Ochoa is a witness to
and is willing to testify.
But due to only having one
copy. I would be able to present
at the hearing or you can write
TDC and have them make a copy
But I am unable to send it with
this response (Objection)

respectfully
Reyes Anthony
Sanchez
#1829461
938 S. Fm 1623
Snyder TX
79549

Roland Ochoa
TDC# 717082